```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFERY ALFORD,                )
        Plaintiff,             )
                               ) Civil Action No. 04-1006
     v.                        ) Judge Terrence F. McVerry
                               ) Magistrate Judge Lisa P. Lenihan
JOE HUNTER, III,               )
        Defendant.             )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

Because Plaintiff has failed to provide a proper service address for the Defendant, it is respectfully recommended that this action be dismissed for failure to prosecute.

**II. REPORT**

Plaintiff, Jeffrey Alford, filed a complaint along with an Motion to Proceed In Forma Pauperis, which was granted on January 19, 2005. The United States Marshal Service was ordered to serve the sole Defendant, Joe Hunter III, according to directions provided by the Plaintiff. The docket shows an entry reflecting that there was a process receipt and return form returned executed on May 13, 2005. However, the process receipt and return form actually shows the return of service was returned *unexecuted*. After complete inaction by the Plaintiff for almost two years, this Court entered an Order to Show Cause on March 6, 2007 directing Plaintiff to file a proper address for service of Defendant Hunter by March 27, 2007 (doc. no. 10). The Court noted in its Order that Plaintiff had filed a second lawsuit at Civil Action No. 05-965 and that the claims of the two complaints are identical, although different

Defendants are named. In the first case (C.A. 04-1006), the sole Defendant is Joe Hunter, III. In the second case (C.A. 05-965), the sole Defendant is the Beaver County Jail. The District Judge closed the second case on August 11, 2005 because Plaintiff did not pay the filing fee or request leave to proceed *in forma pauperis*. In its March 6, 2007 Order, the Court suggested that a possible solution would be to abandon the present action, move to reopen the case filed at 05-965 with either the payment of a filing fee or an IFP motion and then, via discovery, request of the Beaver County Jail the last known address of Mr. Hunter and join him as a Defendant in that action.

On March 12, 2007, Plaintiff filed a Response indicating that he thought the action had been dismissed and asked whether the Court could order Beaver County Jail to release information as to Defendant's address (doc. no. 12).

On March 14, 2007, this Court issued another Order to Show Cause for Plaintiff to provide Defendant's proper address for service by April 15, 2007 (doc. no. 13). The Order further advised Plaintiff that it was unable to assist him in locating the Defendant's address in this action. Plaintiff has filed no response to this Order.

While the Court sympathizes with the Plaintiff and his inability to find an address of the Defendant to which service might be directed, a case must not be permitted to languish year after year. Initiating litigation with any Court carries certain inherent

2

responsibilities, and providing the Court with correct information so that proper effectuation of service may be made in a timely manner is one of them. Plaintiff has not provided the Court with service information and has admitted that he does not have that information available to him. This Court cannot order Beaver County Jail to provide the address of Defendant as it is not a party to this litigation. The Court can not let this case sit inactive any longer.

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (3) a history of dilatoriness;
>
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
>
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
> (6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not

find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Plaintiff's failure to prosecute.

      Plaintiff is proceeding *pro se* in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to respond to this Court's numerous deadlines. With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- a significant amount of time has passed since the filing of this action thereby prejudicing defendant's recollection of the events at issue. With respect to the third factor, Plaintiff's failure to follow this Court's numerous orders shows some dilatoriness in proceeding with his action, although the Court notes that Plaintiff indicated that he believed the action had been dismissed. With respect to the fourth factor, it does not appear that his conduct was willful and in bad faith. The fifth factor to

4

consider is the effectiveness of sanctions other than dismissal. Because Plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Finally, it does not appear that he has a high likelihood to prevail under 42 U.S.C. § 1983.

### III. CONCLUSION

The analysis of the six factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have 10 days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated:   April 23, 2007

cc:      The Honorable Terrence F. McVerry
         United States District Judge

         Jeffrey Alford, FT-1256
         S.C.I. Greene
         175 Progress Drive
         Waynesburg, PA 15370